Filed 12/11/15  P. v. McAninch CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>          v.<br><br>LORRIE ANN MCANINCH,<br><br>    Defendant and Appellant. | F068975<br><br>(Super. Ct. No. VCF231551)<br><br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Valeriano Saucedo, Judge.

Cynthia L. Barnes, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Peter H. Smith and Daniel B. Bernstein, Deputy Attorneys General for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Poochigian, Acting P.J., Franson, J. and Peña, J.

Appellant, Lorrie Ann McAninch, pled no contest in case No. VCF231551 to possession of methamphetamine (count 1/Health & Saf. Code, § 11377, subd. (a)), driving with a blood-alcohol content (BAC) of 0.08 percent or greater with a prior conviction (count 3/Veh. Code, §§ 23152, subd. (b) & 23540), and being under the influence of a controlled substance (count 4/Health & Saf. Code, § 11550, subd. (a)). In case No. TCM265401 McAninch pled no contest to driving with a BAC of 0.08 percent or greater with a prior conviction and she admitted an allegation that she had a BAC of 0.15 percent or more (Veh. Code, § 23578).

On appeal, McAninch contends the court abused its discretion when it denied her motion to withdraw her plea in case No. VCF231551. We affirm.

## FACTS

On August 13, 2009, McAninch was arrested in Exeter for driving under the influence. During a search of her purse, an officer found a marble size piece of methamphetamine. McAninch subsequently admitted that she smoked methamphetamine six hours prior to being stopped. Two breath tests disclosed that McAninch had a blood-alcohol content of 0.13 percent (case No. VCF231551).

On March 5, 2012, McAninch was arrested for driving under the influence of alcohol or drugs (case No. TCM265401).

On August 8, 2012, McAninch entered a plea in both cases. During the change of plea proceeding Deputy Public Defender Anthony Dell'Anno stated:

> "MR. DELL'ANNO [DEFENSE COUNSEL]: Your Honor, it's my understanding, and I want to make sure Ms. McAninch understands this, that at this time, in exchange for a plea of no contest or guilty to the charges against her, that the Court would be sentencing her to a total of 60 days on the TCM 265401, and a lot of that time is due to her priors.
>
> "*At the conclusion of that*, because even though it's 60 days[,] with her credits at half time, *that she would then be available on [case No. VCF]231551 to be sentenced into the Recovery Court*, if I'm understanding that.

2.

"I've communicated that to my client. She's willing to enter no contest pleas." (Italics added.)

After further discussion, the court stated:

"THE COURT: Counsel, I [would] set this for judgment proceedings and then I would refer the remaining count, the [Health and Safety Code section] 11377(a), to Recovery Court."

After taking McAninch's plea in both cases the court placed her on summary probation for five years for her convictions in each case for driving with a BAC of 0.08 or greater on condition she serve 30 days in each case for a total of 60 days. The court then stated that it was going to refer case VCF231551 to Recovery Court.

On August 23, 2012, McAninch was not accepted into Recovery Court and the matter was returned to the trial court.

On November 13, 2012, the court denied McAninch's *Marsden*[1] motion.

On February 1, 2013, defense counsel Dell'Anno made an oral motion to withdraw the plea on McAninch's behalf. In presenting the motion, defense counsel stated that he was convinced McAninch was under the impression her plea would ensure she would be admitted into Recovery Court. However, she was not accepted because of the probationary term for her driving under the influence case. The court continued the matter to allow counsel to review a case.

On April 8, 2013, another public defender, Timothy Rote, filed a written motion to withdraw the plea in case No. VCF231551 on McAninch's behalf. In a supporting declaration McAninch alleged that when she entered her plea she was advised she would receive Recovery Court for the drug charges and that she entered her plea as to those counts solely on the basis that she could ultimately dispose of the felony drug possession charge in that court. According to McAninch, she was told by the court that she was

---

**1**      *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

being sentenced to Recovery Court on the drug violations and that she would only be exposed to prison if she violated the terms and conditions of Recovery Court.

On April 17, 2013, McAninch failed to appear at a hearing on the motion and the court issued a warrant for her arrest, which it stayed until May 9, 2013.

On May 31, 2013, the court relieved the public defender's office from representing McAninch and appointed attorney Marcus Torigian.

On July 23, 2013, McAninch failed to appear at a hearing and a warrant for her arrest issued.

On August 8, 2013, McAninch was contacted by Visalia police and cited to appear in court on the outstanding warrant.

On September 11, 2013, McAninch appeared in court and she was released on her own recognizance.

On October 25, 2013, at a hearing on the April 8, 2013 motion to withdraw her plea, attorney Dell'Anno testified that he received the complaint in case No. TCM265401 on the day McAninch entered her plea in both cases. Dell'Anno informed McAninch that he had just received the new complaint and had not had a chance to review it. He also told her that he would need to continue the matter in order to obtain the lab results and review the police report in the new case in detail. McAninch was not interested in that. She was in custody and wanted to get out and that was the main thrust of her statement to him. McAninch told Dell'Anno she needed to be released from custody because she was going to be evicted from her apartment, her dogs had been unattended since she had been in custody, and she owned a business that she was afraid was going to go under. Dell'Anno told her he did not believe the court would allow her to be released on her own recognizance because she had prior failures to appear in court. He also told her that he could try to get her credit for time served on the DUI's and that she could go to Recovery Court on the other matters. Counsel explained to her that he had not had time to investigate the new DUI and that most likely she was going to have to remain in

4.

custody while he did that. Counsel also told McAninch he could not guarantee she would be accepted into Recovery Court because of the DUI's but that it had been done in the past and they would see what happened. McAninch was adamant that she needed to get out, so despite his advice, she went ahead with the plea. Counsel subsequently found out that Recovery Court was prepared to accept her but she rejected the acceptance.

After that, McAninch made two appointments with Dell'Anno, neither of which she kept, and the next time he saw her was for a *Marsden* hearing. McAninch never raised any issues with Dell'Anno about her plea, only about a suppression motion.

After Dell'Anno testified, the court continued the matter so that defense counsel Torigian could present attorney Rote as a witness.

On November 15, 2013, after defense counsel Torigian advised the court he did not have any other evidence to present, the court denied the motion.

On December 6, 2013, in case No. VCF231551 the court sentenced McAninch to 120 days on her conviction for being under the influence of methamphetamine in count 4 and no additional time on her conviction for possession of methamphetamine in count 1.

On February 19, 2014, McAninch filed her appeal in case No. VCF231551, and the court granted her request for a certificate of probable cause.

## DISCUSSION

McAninch contends the record demonstrates she accepted the plea agreement believing that her drug offenses would be handled through Recovery Court and that she would not be sentenced to prison unless she violated the Recovery Court's conditions. Thus, McAninch believes that she established good cause for withdrawing her plea and the court abused its discretion when it denied her motion to withdraw her plea in case No. VCF231551. We disagree.

> "[Penal Code] [s]ection 1018 provides, in part: 'On application of the defendant at any time before judgment ..., the court may, ... for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted.... This section shall be liberally construed to effect these

5.

objects and to promote justice.' The defendant has the burden to show, by clear and convincing evidence, that there is good cause for withdrawal of his or her guilty plea. [Citations.] 'A plea may not be withdrawn simply because the defendant has changed his [or her] mind.' [Citation.] The decision to grant or deny a motion to withdraw a guilty plea is left to the sound discretion of the trial court. [Citations.] 'A denial of the motion will not be disturbed on appeal absent a showing the court has abused its discretion.' [Citations.] 'Moreover, a reviewing court must adopt the trial court's factual findings if substantial evidence supports them.' [Citation.]

"To establish good cause to withdraw a guilty plea, the defendant must show by clear and convincing evidence that he or she was operating under mistake, ignorance, or any other factor overcoming the exercise of his or her free judgment, including inadvertence, fraud, or duress. [Citation.] The defendant must also show prejudice in that he or she would not have accepted the plea bargain had it not been for the mistake. [Citation.]" (*People v. Breslin* (2012) 205 Cal.App.4th 1409, 1415-1416.)

McAninch alleged in her supporting declaration that she entered her plea in both cases because she believed she could "ultimately dispose of the felony [drug possession] charge in [R]ecovery [C]ourt." However, she did not testify at the hearing on her motion or present any other evidence to support this assertion.

Attorney Dell'Anno testified at the hearing on McAninch's motion that McAninch was in custody when she entered her plea in both cases and that her main concern was being released from custody. Dell'Anno further testified that he told McAninch there was no guarantee Recovery Court would accept her and he subsequently found out McAninch had been accepted by the court, but she rejected the acceptance. Based on Dell'Anno's testimony the court could reasonably find McAninch entered her plea in both cases because she wanted to be released from custody knowing that she might not be accepted by the Recovery Court. Thus, the record supports the court's implicit finding that McAninch failed to show good cause for the court to allow her to withdraw her plea in case No. VCF231551.

In presenting McAninch's oral motion to withdraw her plea on February 1, 2013, Attorney Dell'Anno told the court that he was convinced McAninch was under the

impression she would be admitted to Recovery Court. McAninch cites this unsworn statement to contend she entered her plea because she believed she would be able to dispose of her possession of methamphetamine charge in Recovery Court. This statement cannot be considered on appeal because it was not introduced into evidence at the October 25, 2013, hearing on the motion to withdraw her plea. (*People v. Olsen* (1986) 186 Cal.App.3d 257, 264, fn. 4 ["Documents and factual matters not before the trial court cannot be included as part of the record on appeal … and cannot be considered by an appellate court in reviewing the judgment …."].) However, even if this unsworn statement by counsel were properly before us, it would not change our conclusion that McAninch failed to show good cause to withdraw her plea because we must resolve any conflicts in the evidence in favor of the trial court's ruling. (*People v. Mack* (1992) 11 Cal.App.4th 1466, 1468.) Accordingly, we conclude that the court did not abuse its discretion when it denied the motion to withdraw the plea.

## DISPOSITION

The judgment is affirmed.